ACTIVE, The, (ROSS v.)
[See Ross v. The Active, Case No. 12,071.]

ACTIVE, The (UNITED STATES v.)
[See United States v. The Active, Case No. 14,420.]

ACTON, (BANCROFT v.)
[See Bancroft v. Acton, Case No. 833.]

## Case No. 36.
### The ACTOR.
[Blatchf. Pr. Cas. 200.][1]
District Court, S. D. New York. July, 1862.
PRIZE — EXAMINATION OF MASTER AND CREW AS WITNESSES—SECONDARY EVIDENCE.

1. The rule of the prize law is, that the master and some of the crew of the prize vessel

[1][Reported by Samuel Blatchford, Esq.]

must be brought in to be examined as witnesses to the facts attending the seizure.

2. The rule will be dispensed with in a case where there is no physical means of complying with it on the part of the captors.

3. Where the personal production of the ship's company is satisfactorily excused, the court will suspend proceedings in the cause; or admit secondary evidence.

4. In this case none of the ship's company being produced as witnesses, and there not being sufficient evidence to condemn the vessel under the practice of the English prize court, the court allowed the libellants time, not exceeding a year and a day from the institution of the suit, to produce proof that the vessel was arrested in fact and was lawful prize of war, and that the more direct testimony usually produced to that end was not legally at command of the libellants.

In admiralty.

BETTS, District Judge. This vessel, with her lading, was captured in Pamlico river, [sound] North Carolina, March 6, 1862, by the United States steamer Ceres. and was remitted to this port for adjudication, and was here libelled by the libellants as prize of war. The attachment issued on the libel was served on the vessel June 17, 1862, and was returned as ground for the proclamation in court July 8 thereafter, and no person appearing thereon, judgment by default was entered against the vessel and her lading.

The general practice of the prize court requires, in cases of vessels seized, that the master and others of his crew on board at the time of the capture shall be brought in with the vessel, to be examined as witnesses to the facts attending the seizure. Wheat. Mar. Capt. 280. So vigorously in its terms is this doctrine laid down in the books, that it is denounced as fatal to the enforcement of the arrest by the court if the captors fail to produce in the prize court those members of the captured vessel. The Dame Catharine de Workeem. 1 Hay. & M. 244; Introduction Godol. Adm. Jur. 25, 26; The Henrick and Maria, 4 C. Rob. [Adm.] 47.

The ordinary rule in prize cases is, that, in the first instance, the evidence shall be drawn from the claimants. The Haabet, 6 C. Rob. [Adm.] 58, note. The requirement must, however, be subject to the necessities of the case; and it is only imperative that this rule of proof be fulfilled when there is physical means of complying with it on the part of the captors.

Commodore Rowan, who remitted the prize to the charge of the court, advised the court by letter that no persons present at the capture were sent with the vessel because she sank after her capture, and those persons were no longer present to be forwarded. The evidence is not made clear or precise as to the facts which transpired. It is stated, in the papers coming before the court with the vessel, that she was driven from her anchorage after her capture, and was sunk in North Carolina waters, and that the vessel's company were thus separated from her.

There is no full testimony as to these intimations, nor as to what circumstances have, in fact, kept the crew away; but the distance to the place is so considerable as to excuse some delay in collecting explanatory proofs if the law demands them in this condition of the case. If the ship's company are destroyed in battle on the capture, or abandon the vessel and escape, or other reasonable cause prevents or excuses their personal production by the captors as witnesses in court, then, unquestionably, it is within the competency of the court to suspend proceedings in the cause, or admit secondary evidence, provided a delictum is charged which justified the arrest of the vessel. The papers brought in as belonging to the vessel indicate that she was documented by Confederate authority in a blockaded port for another blockaded port, and was thus palpably enemy property; and no doubt the American prize rules, strictly carried out in practice, excuse further proof, after a regular default in court and adequate evidence given aliunde of actual capture made. No claimant has intervened for the vessel or cargo, and evidence sufficient to authorize her condemnation, under the practice of the English prize court, not having been laid before this court, a respite of sentence in the case may be made, to enable the libellants to offer further proofs showing that the vessel was arrested in fact, and was, at the time of her capture, lawful prize of war, the more direct testimony usually produced to that end not being legally at command of the libellants. A final decree in the cause will, accordingly, be deferred to such convenient period as may be asked for by the district attorney, not exceeding a year and a day from the time of the institution of this suit, to enable the libellants to produce further proofs as to the facts upon which they seek the condemnation and forfeiture demanded by the libel.

[On final hearing the vessel was condemned for violation of the blockade. The Actor, Case No. 37.]